Clerk, please call the next case. 211-234-Wal-Mart v. Eleanor Butler Chief Judge, your honors, counsel, may it please the court. This matter appears, first I'm Mike Spinozola on behalf of Wal-Mart Stores Incorporated. This matter comes to you on appeal from the Circuit Court of DuPage County, which affirmed the Commission's decision to affirm Arbitrator Abbaci's decision. As there are factual questions at issue in this matter, the manifesto standard does apply in this case. And as this court stated in the Montgomery case, while this court has not easily moved to set aside the commission on a factual question, this court will not hesitate to do so when an opposite conclusion is clearly apparent. So I want to first look at the findings of both the commission and Arbitrator Abbaci. First, Dr. Goldberg is found to be credible. In his decision, Arbitrator Abbaci says that Dr. McNally is at least as credible as Dr. Goldberg, thereby saying Dr. Goldberg is credible. That means when Dr. Goldberg finds that an employee has symptom magnification, that's credible. When Dr. Goldberg finds that the MRI scans are normal of her lumbar spine, that's credible. When he finds that she only suffered a lumbar strain and was at MMI as of December 2007, that's credible. Arbitrator Abbaci also found that the employee exaggerated her pain at trial. He specifically said in his decision, he noted that during the arbitration hearing the petitioner demonstrated significant pain behavior and the opinion of the arbitrator appeared to exaggerate the level of her discomfort. Counsel, let me interject a question. Which findings do we review, the commission's or the arbitrator's? You review the commission's findings, which they adopted the arbitrator's findings in this case. When they adopt the arbitrator's findings, the commission is thereby saying that the arbitrator's observations regarding her pain complaints and regarding her exaggeration is a finding of the commission. So we know that you can argue that Dr. Goldberg was found credible on some issues. Clearly, the commission also finds the claimant's testimony credible on several issues as well. I agree with you that on some issues, yes, but in relying on Dr. McNally's opinions, Dr. McNally is relying on what he's told by the petitioner regarding her subjective complaints. This court in the Chicago Messenger case said the testimony under oath and subject to cross-examination is the benchmark of credibility. The arbitrator and the commission found that employee exaggerated her complaints. Under oath, when she swore to tell the truth, she didn't tell the truth. And yet they still found in her favor. Which is why this is against the manifesto of the evidence. And it's clearly apparent from reviewing the record. To say someone exaggerated is to say you don't believe what they're saying. Credible evidence is trustworthy evidence. Let me ask you this that you should be able to respond to. You've heard of the finding of a chain of events to support causation, right? You're aware of that standard? Correct. Okay. Here the claimant testified she never suffered a lower back injury or saw any medical treatment whatsoever for her lower back prior to the accident that occurred on August 13, 2007. And you're not suggesting that the accident didn't happen, correct? Correct. Okay. So could you argue the claimant's testimony standing alone under the chain of events causation theory would be sufficient? Then you've got that bolstered by McNally's medical opinion. So is there no evidence in this record to support the commission's decision? Is that your position? I believe that once you find under oath that the petitioner exaggerated, that the employee exaggerated her subjective complaints at the arbitration hearing, that you are finding she's not credible. Wouldn't the commission realize that? I would hope so. In the Chicago Messenger case, this court found that because the commission relied on the doctor's opinions, which were based on the employee's subjective complaints, that case was against the manifesto of the evidence because at trial the employee did not tell the truth and was not credible. Well, in Chicago Messenger, weren't there multiple co-workers who directly contradicted the claimant's claim about being injured? There were multiple co-workers in that case. The credibility and determination on the claimant in that case had to do more with accident than treatment, right? I would agree. So you keep saying exaggerated. Do you have friends who ever exaggerated something? Yes. And do you not believe anything they ever say again because they exaggerated a little bit? Absolutely not. I would believe. But under oath, when you are swearing to tell the truth, the whole truth and nothing but the truth, to exaggerate at that point, I believe this court has found. What is she exaggerating? You've got to break the stump. Okay? The commission found specifically, quote, unquote, the claimant presented, and I quote, sufficient credible evidence to establish causation. Okay? So let's assume for the sake of the arguendo that there was some symptom magnification or some pain magnification. Okay? Does that mean that the accident didn't happen and she wasn't injured and she wasn't treated? No. Do you see the difference? You know, exaggerating symptoms and exaggerating pain doesn't mean that there wasn't a legitimate claim here. I would agree with you. You see what I'm saying? She exaggerated on one issue. Therefore, she's inherently a credible end of case. It would be nice if it was that simple, but I think it's still more complicated than that. I do agree it's more complicated. I do think when you look at the other evidence in the record and what was noted by Commissioner Lindsey and her dissent of the commission's decision, she claims to not have treated from October, or I'm sorry, August of 2007 through October of 2008. Looking at Central DuPage Hospital records, those records specifically note that she was treating at a chiropractor and seeking acupuncture during that time period. Under oath again, she said no treatment during that time period. It's another false statement under oath, and I think when you look at the false statement she's making, you look at Dr. Goldberg's examination where he finds positive Waddell signs for symptom magnification, where he has not one but two normal MRI scans, and he even withholds his opinion until he's able to review both of them. He reviewed one and said, I won't comment on causal connection or maximum medical improvement until I see the second scan, following when she had her back locked up in August of 2008. Additionally, when you look at the histories provided, at one point she says she was pinned against the wall. At one point in July of 2009, she claims to lose bladder and bowel control, a symptom that is so significant in the medical records themselves it says you should report to the emergency room if you ever have those symptoms. Yet she doesn't report to her doctor, she doesn't call her doctor, she doesn't go to the hospital reporting loss of... And she goes out bowling. I'm sorry? She's out bowling. I don't believe there's any evidence in the record of that. Why couldn't the commission believe Dr. McNeely? I think Dr. McNeely's opinion only takes into account the histories that he's given by the employee, who I think the arbitrator finds exaggerates when she's talking about her subjective complaints. Did he make any objective examinations of the claimant? When he reviewed the MRI scan initially, he said the MRI showed mild degenerative changes in the thoracic level at T11-12. He noted there was only minor degenerative changes in the lumbar spine and there was no encroachment. Did he find that she exhibited a restricted range of motion? I do believe he said she restricted, she did have restricted range of motion, yes. By the way, wasn't there a doctor here who was examining the claimant for symptom magnification, a doctor, T-H-A-L-J-I? How do you pronounce that? What was the spelling? T-H-A-L-J-I. I believe, was that one of the emergency room doctors, I believe? In any event, he noted that she exhibited negative Waddells, which he found was suggesting that she was not magnifying her symptoms. Correct. So that's independent evidence apart from McNeely and the claimant. I would agree with that, but I think you would test that against the opinions of Dr. Goldberg, who's an orthopedic surgeon. Yeah, but that's weight, isn't it? Well, I agree that is weight, but I think there's other things in the record to look at that weren't taken into account. A therapist sees her in Walmart pushing her mother in a wheelchair and finds it so significant that she goes back and puts it in her treating medical records, that she observed her because it was so contrary to her complaints and what she said she was able to do. When she was first referred to physical therapy, she told the therapist she was in too much pain that she couldn't do anything. The therapist sent her back to Concentra, Concentra sent her back to therapy, and now she was okay and could continue doing therapy. From the beginning, her complaints have not ended up with her objective findings, and it went all the way through to trial in this case, where, again, she did not have believable subjective complaints. You then have Dr. McNally, who didn't review any of the prior treating records, say that this is related, that she has ongoing complaints based on her subjective complaints. Well, if you find, as you found in the Chicago Messenger case, that you cannot say someone who exaggerates under oath is credible when they go to their treating doctor, then I think you have to say Dr. McNally's opinion is based on incredible statements from the petitioner. And therefore, when you add up all of those things, I think that the opposite conclusion is clearly apparent in this case, that the commission's decision is against the manifestation of the evidence and should be reversed and remanded for further proceedings. Thank you, counsel. Counsel, please. Good afternoon. Steve Seidman on behalf of Ms. Becker. I'm going to be very brief, but by being very brief, I don't want to make it seem like I'm short shrifting this argument, but this is a credibility argument. As Your Honor pointed out, there are competing medical opinions that the Illinois Workers' Compensation Commission could have drawn different inferences. They did not. The opposite result is not clearly apparent. It's credibility, and we get into a very slippery slope when we ask reviewing courts to substitute credibility questions for those who are in the better position, the fact-finders, to make them. It's with juries. That's with these type of things. So I will tell you that the evidence is clear that there were credibility questions raised, credibility questions decided, and the manifest weight of the evidence is supported. And unless there are any other questions, I really don't want to go further. Thank you, counsel. Rebuttal. The court will take the matter under advisement for disposition. We'll stand at recess.